

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Hon. C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. V-80

Re: Authority of County Judge to
employ Special Investigator
to work out of his office;
and the maximum salary which
may be paid Stenographer or
Clerk of County Judge.

The subject matter in your recent requests for opinions
of this Department are so related that we feel that we can answer
the same more accurately and with greater dispatch by combining
your questions and rendering one opinion. We quote in part from
each of your letters as follows:

"....there has been a request made by the
County Judge that he be allowed a Special Investi-
gator to work out of his office and the salary
for said Investigator to be paid out of the General
Fund of Nueces County.

"Will you therefore please advise this office
whether or not it is possible to place a Deputy or
Assistant in the office of the County Judge.

"Please advise as to what you consider the
maximum salary that may be paid to the stenographer
or clerk of the County Judge within Nueces County."

In answer to your first question, that is, whether or not
the County Judge may be allowed a Special Investigator to work out
of his office and the salary to be paid out of the General Fund of
Nueces County, since there is no provision in the statutes for the
appointment of a Special Investigator for the County Judge, it is
the opinion of this Department that the same cannot legally be made.

Article 3902, V.A.C.S., is a general statute authorizing the appointment of deputies, assistants or clerks by any "district, county or precinct officer." The first sentence of said Article reads as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid."

Section 3a of Article 3902, V.A.C.S., which attempted to authorize the County Judge of counties having a population of not less than 48,600 and not more than 49,000 inhabitants according to the preceding Federal Census, to employ one person "as office assistant, bookkeeper and stenographer" has been declared void and unconstitutional by this Department in Opinion No. O-564. Section 3a of Article 3902, having been held unconstitutional, the 46th legislature, during its regular session, passed Article 3903c, V.A.C.S., which reads as follows:

"Section 1. That the County Judge in all counties in Texas having a population of not less than forty-eight thousand, six hundred (48,600) nor more than forty-nine thousand (49,000) according to the last preceding or any future Federal Census be empowered to appoint an Assistant.

"Section 2. The salary of such Assistant shall be in an amount not to exceed Eighteen Hundred Dollars ($1800) per annum and shall be subject to the consent and approval of the Commissioners Court of such counties."

Nueces County has a population of 92,661 persons according to the last Federal Census. Therefore, since it does not come within the particular bracket as set out in Article 3903c, supra, it is not necessary to pass upon the validity of the Article in order to answer your inquiries.

Article 3912e, Section 13, V.A.C.S., in part is as follows:

"Sec. 13. The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the

following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. . .

"(a) The Commissioners Court may authorize the employment of a stenographer by the county judge and pay for such services out of the General Fund of the county to an amount not to exceed Fifteen Hundred Dollars ($1500) per year."

Article 1934a-1, V.A.C.S., Sections 1 and 2, are as follows:

"Sec. 1.  In any county of this State of less than one hundred thousand inhabitants, wherein is situated a city having an actual population of 58,489 inhabitants or more, the County Judge shall ascertain the population of any city in his county necessary to be ascertained under this Act by making application to the mayor of any such city for a certificate as to the population of such city. It shall be the duty of any such mayor to ascertain by some reasonable, accurate estimate the population of any such city and his certificate to same under oath shall authorize the County Judge to assume its correctness and act upon the information contained in such certificate in making any appointment of a stenographer or clerk under this Act.  The population of the county shall be based on the latest United States Census for the purposes of this Act.

"Sec. 2.  In any county in this State of less than 100,000 inhabitants wherein is situated a city having a population of 58,489 inhabitants so certified by the mayor of the town, as provided in Section 1, hereof, the County Judge shall be allowed to employ a stenographer or clerk at a salary not exceeding One Hundred and Twenty-five ($125.00) Dollars per month, such salary to be paid monthly by the County by warrants drawn on the general county fund, under orders of the Commissioners Court of such county.  Such stenographer or clerk shall be subject to removal at the will of such County Judge."

The population of Nueces County is 92,661.  The population of Corpus Christi is 57,301.  Your attention is respectfully directed to the language of Texas Jurisprudence, Vol. 39, p. 212, Sec. 114:

"In case of conflict between a general provision and a special provision dealing with the same subject, the former is controlled or limited by the latter; and this is so whether the provisions in question are contained in the same act or in different enactments. In other words, when a statute makes a general provision apparently for all cases and a special provision for a particular case or class, the former yields and the latter prevails in so far as the particular case or class is concerned. In such circumstances, the special provision or statute is regarded as though it were an exception or proviso, removing something from the operation of the general law."

Many cases are cited by the text in support of the statement made.

You are therefore advised that Article 1934a-1, supra, is the statute, applicable to Nueces County, since it is a more specific statute and controls the general one. It is a definite limitation upon Article 3902 in respect to the counties to which it applies and, since it specifically controls the case of the County Judge's stenographer or clerk, it removes the County Judge from the coverage of the phrase "any district, county or precinct officer" of Article 3902.

To hold otherwise would in effect sanction the appointment by the County Judge of "deputies, assistants, and clerks" in addition to a stenographer or clerk authorized under Article 1934a-1. It cannot be presumed that such was the intention of the Legislature.

Finally, nowhere else other than the above quoted statutes are we able to find a legislative grant of authority to the County Judge to employ a deputy or assistant. Therefore, it is the opinion of this Department that the County Judge of Nueces County cannot legally appoint a deputy or assistant in his office.

Assuming, however, that subsection "(a)" under Section 13 of Article 3912e, V.A.C.S., is applicable to Nueces County, even then the maximum salary which the stenographer of the County Judge could receive would be $1500.00 per year because Senate Bill No. 123 became effective on May 9, 1945, while Subsection "(a)" under Section 13 of Article 3912e, supra, became effective on June 18, 1945, and, therefore, could not have been amended because it was not in effect at the time of the enactment of Senate Bill 123.

Though it is the opinion of this Department that the County Judge of Nueces County cannot legally appoint a deputy or assistant in his office, he may appoint a stenographer or clerk under Article 1934a-1, V.A.C.S. The maximum salary which may be paid such steno-

grapher or clerk is not to exceed $125.00 per month, the same to be paid out of the General Fund.

## SUMMARY

1. The County Judge of Nueces County cannot legally be allowed a Special Investigator in his office since there is no statutory provision for the same.

2. Neither can the County Judge of Nueces County appoint a deputy or assistant in his office in view of Article 1934a-1 which is a special statute and controls over the general one. (39 Tex. Jur., p. 212, Sec. 114.)

3. The County Judge of Nueces County may employ a stenographer or clerk, with the approval of the Commissioners' Court, and the maximum salary which may legally be paid the stenographer or clerk is $125.00 per month. (Art. 1934a-1, V.A.C.S.)

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *Bruce Allen*
Bruce Allen
Assistant

BA:djm

APPROVED          1947

*Price Daniel*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN